McKinney, J.
delivered the opinion of the court.
This is an action of debt, instituted in the Circuit Court of Rhea county, upon two notes under seal, executed by the plaintiff in error, to the executors of R. G. Waterhouse. After maturity R. Waterhouse, one of the executors, assigned said notes to the defendant in error, for the use of one Thomas Barrett. The assignment was on the 20th day of January, 1845, and this suit was commenced on the 20th day of October, 1846. At the return term of the process, an informal and defective declaration was filed upon said notes, to which, at the succeeding term, the defendant below put in three pleas, two of which traversed merely the assignment of said notes, as set forth in the declaration, and which was erroneously stated. The third plea alleged the payment of said notes to Richard Water-house, the assignor, before the issuance of the summons in this case. At the July term, 1847, upon sufficient cause being shown to the court, leave was given the plaintiff to amend the summons, and also to file an amended declaration in this case, on the payment of the cpsts from the return of the summons, and on the motion of defendant’s attorney, time was allowed him to plead, so as not to delay trial at the following term. The amended declaration *145 was filed at the same term at which the leave was granted, and at the ensuing term the defendant having failed to plead thereto, on motion of the plaintiff, judgment by default was rendered against the defendant for f324 J5, the balance of the debt remaining due upon said notes with interest thereon. The case is brought into this court by writ of error, and it is insisted, on behalf of the plaintiff in error, that the Circuit Court erred in rendering judgment by default — because the plea of payment, put in to the original declaration was alike applicable to the amended declaration, and constituted a good defence to the same, and ought to be so considered and treated by the court. We think otherwise, for two reasons: 1. We regard the application of the plaintiff, to be pernaitted to file an amended declaration, and of the defendant for leave to plead thereto, as a mutual voluntary abandonment of all the previous pleadings on both sides: consequently the defendant was not entitled to have said plea regarded either by the court or the adverse party as a defence to the amended declaration, admitting that it would have constituted a good defence thereto, unless by some subsequent act he had manifested an intention- of adopting and relying upon it as such, which, in this case, he does not appear to have done. 2. The plea of payment, as pleaded, constituted no defence to the amended declaration; it tendered an issue both irrelevant and immaterial. The notes were assigned to the defendant in error, nearly two years before the commencement of this suit, and the plea avers, not a payment to the assignor prior to the assignment, but merely payment to the assignor before the issuance of the summons in this case. This, in point of fact, might be true and yet constitute no defence to the plaintiff’s right of recovery. And as the averment of the plea, if *146 susceptible of two opposing constructions is to be taken most strongly against the party pleading it, the court should have treated it as nullity, had it been offered as a defence to the amended declaration.
Let the judgment be affirmed.